JOSEPH E. BELL *v.* SAMUEL DOWLY and Wife.

Where the vendor remains in possession of the thing sold, it will be presumed that
the sale was simulated ; and, with respect to third persons, the parties must prove
that they are acting in good faith, and establish the reality of the sale.  C. C. 2456.

APPEAL from the District Court of the First District, *Bucha-
nan,* J.

*Wills* and *M'Kinney,* for the appellants.

*Dugué,* for the defendants.

MORPHY, J.   The petitioner claims, as his property, the con-
tents of a grocery shop situated at the corner of Levée and St.
Andrews streets in the city of Lafayette, of which the defend-
ants have possession, and claim ownership under a probate sale
made to them in December, 1840, of the same, as belonging to the
succession of the late Marie Canaller.   There was a judgment
below in favor of the defendants, and the plaintiff has appealed.

In support of his claim, he exhibited, on the trial, a sale under
private signature, bearing date the 25th of May, 1839, and written
at the foot of a list of the articles in the shop which belonged to
the deceased, Marie Canaller, and which she had purchased from
the estate of her father, S. Canaller.   It is in the following words,
to wit :

"I hereby transfer to J. E. Bell all the articles enumerat-
ed in the above bill, with all the stock in trade added to the shop
since its purchase for his benefit, he paying all the debts of the
concern which have been contracted under the name of Marie
Canaller, with the last payment for the purchase of the shop.
Said Bell agrees to pay Marie Canaller five hundred dollars on the
first cf December, 1839, in consideration of her interest.

"MARIE CANALLER.

"*Witness,* J. MARTIN."

The evidence shows : That Marie Canaller, who was a colored
woman, had been living in open concubinage with the plaintiff,
for several years previous to her death, which happened some
time in September, 1840.   That notwithstanding this sale to Bell,

Marie Canaller continued in possession of the property up to the time of her death, paying the rent of the store, the license, and other expenses of the shop. That her name remained at the door, and was taken down and replaced by that of Bell only a few days before her death, and while she was confined to her bed by her last illness, which lasted several weeks. That from the time when Bell went to live with the deceased, he occupied himself about the house, went to market, and attended the shop for the deceased. That he was absolutely destitute of any means to purchase the store, having failed shortly before, and being then in the prison limits. One of the witnesses says that Bell was considered as a *loafer*, kept and entertained by Marie Canaller. Other witnesses say that after December, 1839, Bell appeared to act as master of the shop, bought provisions, paid accounts, &c. It does not appear from the record, that when the Parish Judge affixed the seals on the effects of Marie Canaller, and afterwards included in the inventory of her succession the property now claimed, the plaintiff, who was living in the house and whose name had a few days before been put on the door, made any opposition, protest, or claim. But one witness says that he appeared at the bar room when the sale was about to be made, said that the property was his, and forbade the sale, but that the Parish Judge went on, saying he would guarantee the sale to the purchaser. Article 2456 of the Civil Code provides, that when the seller remains in possession of the thing sold, the sale is presumed to be simulated; and, with respect to third persons, the parties must show that they are acting in good faith, and establish the reality of the sale. The plaintiff offered no proof whatever of his complying with the conditions of the sale, made to him in May, 1839. Under the circumstances, and the evidence which tended strongly to corroborate the presumption established by law, we do not think that the Judge erred in the conclusion at which he arrived.

*Judgment affirmed.*